UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GIOVANNI K. VEGA,

    Petitioner,

v.                                                  CASE NO. 6:03-cv-1862-Orl-31JGG

JAMES CROSBY, JR., et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed an amended response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the amended response (Doc. No. 12).

*Procedural History*

Petitioner was charged by indictment with first degree murder and aggravated child abuse. After a jury trial, he was found guilty as charged and was sentenced to life in prison on the murder charge and a concurrent thirty year term of imprisonment on the aggravated child abuse charge. The Florida Fifth District Court of Appeal *per curiam* affirmed the convictions and sentences. *Vega v. State*, 804 So. 2d 1263 (Fla. 5th DCA 2002).

Petitioner filed a Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence, which the trial court denied. The appellate court *per curiam* affirmed the denial.

Petitioner then filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the trial court denied. The appellate court *per curiam* affirmed the denial.

***Claims One, Two, Three, and Four***

Petitioner argues that he received ineffective assistance of counsel because his counsel: (1) conceded Petitioner's guilt at trial (claim one); (2) failed to object to *Williams* Rule evidence and preserve the issue for appeal (claim two); (3) failed to obtain an expert and conduct an investigation (claim three); and (4) failed to adequately cross-examine the medical examiner at trial (claim four).

   *1.   State Court Proceedings*

In the present case, Petitioner raised all four of these claims in his Rule 3.850 motion, and the state trial court denied the claims on the merits. As to the first claim, the trial court found that "counsel proceeded on a defense [at trial] that the victim's death was an accident. Counsel's [opening] statement was consistent with such a defense and was not a concession that Defendant was guilty of either first-degree murder or aggravated child abuse." (Appendix XXI at 2.)

Claim two involved evidence regarding a prior incident when Petitioner had beaten the victim with a belt. Several witnesses testified regarding the incident. In denying this claim, the trial court stated that defense counsel did object to the *Williams* rule evidence and that any further objection would have been denied.[1] After noting that Petitioner himself testified regarding the incident, the trial court concluded that "the admission of the similar act evidence was not unduly prejudicial to

---

[1] The record reveals that counsel filed a motion in limine to prevent the admission of the evidence at trial. The trial judge conducted an evidentiary hearing on the motion immediately preceding the commencement of the trial and determined that the evidence would be permitted. There is no indication in the record that defense counsel objected during the trial each time testimony regarding the similar fact evidence was offered.

the defense, and no reasonable probability exists that the result at trial would have been different had this evidence not been presented to the jury." *Id.* at 2-3.

The trial court denied claims three and four because Petitioner failed to demonstrate prejudice. The trial court noted that although defense counsel did not specifically ask the medical examiner if the victim's injuries could have been sustained in a fall down concrete steps, counsel argued to the jury that the medical examiner's testimony was consistent with that possibility. In fact, Petitioner explained in his testimony that the victim had fallen down the concrete steps and again in the bathtub. The trial court concluded that there was no reasonable probability that had counsel further cross-examined the medical examiner or retained an expert the result at trial could have been different.

Petitioner appealed the state trial court's denial of his Rule 3.850 motion. The appellate court *per curiam* affirmed the denial.

   2.   *Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state courts applied federal law incorrectly, habeas corpus relief is appropriate only if that application was "objectively unreasonable." *Id*. Furthermore, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id*. at 835-36; 28 U.S.C. § 2254(e)(1).

   *3.   Governing Law*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90.[2] "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

In assessing Petitioner's ineffective assistance of counsel claims, the state trial court utilized the standard set forth *Strickland*. As noted by the Eleventh Circuit Court of Appeals, "[i]t is well established that the United States Supreme Court's decision in *Strickland* . . . is the 'controlling legal authority' to be applied to ineffective assistance of counsel claims." *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Thus, the state court correctly identified the governing legal principle.

    *4.    Claim One*

In this regard, Petitioner contends that counsel conceded Petitioner's guilt when he made the following statement during his opening statement: "But [Petitioner] didn't intentionally kill him, didn't beat him up to kill him." (Appendix II at 287.) After a review of the record, this Court agrees with the state court's conclusion that this statement was not a concession of guilt. Petitioner's defense was that the victim's injuries were the result of an accident. Petitioner testified that the victim initially fell down a set of concrete stairs and later fell in the bathtub. *Id.* at 582-85. Thus, the passage cited by Petitioner was not a concession of guilt, but, rather, was a recitation of what defense counsel expected the evidence to show - that the victim's death was an accident, not murder. It is clear that Petitioner has not shown deficient performance on the part of counsel or that he sustained prejudice.

    *5.    Claim Two*

Petitioner also argues that counsel failed to object to the admission of evidence regarding other uncharged wrongs, crimes, or acts. Specifically, this claim concerns testimony regarding an incident approximately four months prior to the victim's death. Several individuals testified that

while in Petitioner's care, the victim received bruises that appeared to be from a belt. One of the witnesses indicated that Petitioner admitted that he had beaten the child. Prior to trial, defense counsel moved to exclude such evidence. Immediately prior to trial, the trial judge conducted an evidentiary hearing and determined that the evidence would be admitted. During the trial, the individuals testified about the prior beating, and Petitioner admitted the beating during his testimony.

Under Florida law, it appears that defense counsel's failure to object at trial when the evidence was offered arguably constituted a failure to preserve the issue for direct appeal. *Correll v. State*, 523 So.2d 562 (Fla.) (holding that where the defense objected to the use of similar fact evidence in response to the state's notice filed before trial and the trial court ruled it admissible over defense objections, defense counsel's subsequent failure to object when that evidence was admitted during trial waived the issue for appellate review), *cert. denied*, 488 U.S. 871 (1988). Arguably, it was unreasonable for counsel to fail to preserve the issue for appeal. However, even assuming that counsel's performance was deficient, Petitioner has failed to demonstrate that the result of his trial was rendered fundamentally unfair or unreliable as a result of such omission. The trial judge denied Petitioner's motion to exclude the evidence, and Petitioner has not shown that an objection at trial would have been fruitful or that the issue would have been successful on appeal. Furthermore, Petitioner himself admitted the incident during his testimony. Consequently, Petitioner has not satisfied the prejudice requirement with regard to this claim.

  6. *Claim Three*

According to Petitioner, defense counsel should have obtained an expert to assist the defense and to investigate. Petitioner claims that an expert would have corroborated his testimony that the victim's injuries were caused by a fall down a flight of concrete stairs. In addition, Petitioner

believes that an examination of the concrete stairs would have supported his defense. However, both of these contentions are speculative, at best because there is no indication that an expert would have testified in accordance with Petitioner's allegations or that an examination of the stairs would have been fruitful. Moreover, defense counsel argued to the jury that the medical examiner's testimony supported the claim that the injuries resulted from a fall down the stairs. (Appendix II at 661-64.) In addition, counsel argued that the police failed to process the stairs for evidence. *Id*. at 663. These were strategic decisions made by counsel which were neither unreasonable nor deficient. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983), *cert. denied*, 464 U.S. 1063 (1984) (a tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it").

     *7.    Claim Four*

Petitioner also complains that defense counsel's cross-examination of the medical examiner was inadequate. According to Petitioner, counsel should have asked whether the victim's injuries "were likely obtained by a fall down the flight of concrete stairs." (Doc. No. 1 at 21.) While counsel did not make the specific inquiry, he did argue to the jury that the medical examiner's testimony regarding cause of death was consistent with Petitioner's testimony that the victim had fallen down a set of concrete stairs. (Appendix II at 661-64.) This Court agrees with the state trial court; Petitioner has not shown prejudice with regard to this claim.

     *8.    Conclusion*

In the present case, the Court finds that, with regard to each claim, trial counsel's conduct was reasonable and/or Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either

7

"contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Claims one, two, three, and four must be denied pursuant to section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Giovanni K. Vega is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 6th day of October, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 10/6
Counsel of Record
Giovanni K. Vega